| UNITED STATES DISTRICT COURT | C/M |
|---|---|
| EASTERN DISTRICT OF NEW YORK | |

---------------------------------------------------------- X
:
ROBERT R. RUTTY, :
:
                      Plaintiff, :
:
        - against - :  **MEMORANDUM**
:  **DECISION & ORDER**
MERLVIN R. KRIMKO, ESQ., POWER :
HOME SALES 172 INC., SLF NEW YORK :  17-cv-6090 (BMC) (VMS)
HOLDINGS LLC, THE MARGOLIN & :
WEINREB LAW GROUP, LLP, ALAN H. :
WEINREB, ESQ., and GUSTAVIA HOME, :
LLC, :
:
                    Defendants. :
---------------------------------------------------------- X

**COGAN**, District Judge.

      This is the third of three cases related to the foreclosure by Gustavia Home, LLC, on an investment property of plaintiff *pro se* located in Queens. After the Court dismissed plaintiff's federal claims, it ordered plaintiff to show why the Court had diversity jurisdiction over the limited partnership and limited liability company defendants. In light of plaintiff's *pro se* status, the Court granted him an additional opportunity to remedy the jurisdictional defect.

      Plaintiff declined to do so, and instead moved to amend his complaint for a second time to add a federal claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, against defendant Gustavia and its counsel The Margolin & Weinreb Law Group, LLP, thus attempting to invoke federal question jurisdiction. The Court concluded that plaintiff failed to state a claim against Gustavia because it is a creditor, not a debt collector. However, in light of the Second Circuit's liberal amendment policy for *pro se* plaintiffs, see Nielsen v. Rabin, 746 F.3d 58, 62

(2d Cir. 2014), the Court granted plaintiff leave to amend his FDCPA claim against Margolin & Weinreb.

Plaintiff has filed a second amended complaint. It pleads eight causes of action against various combinations of defendants, including breach of contract, wrongful foreclosure, slander of title, slander of credit, professional negligence, and violations of New York General Business Law § 349, the Federal Debt Collection Practices Act, and the Fair Credit Reporting Act. Plaintiff still has not alleged the citizenship of the partners and members of the defendants that are limited partnerships and limited liability companies – SLF New York Holdings LLC, Margolin & Weinreb, and Gustavia[1] – and therefore has not invoked diversity jurisdiction. All defendants except Power Home Sales 172 Inc. have moved to dismiss.

Plaintiff brings a Federal Debt Collection Practices Act claim against defendants Gustavia, Alan Weinreb, and Margolin & Weinreb. The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, *debts owed or due or asserted to be owed or due another*." 15 U.S.C. § 1692a(6) (emphasis added). As the Court explained in its July 23, 2018 order granting plaintiff leave to amend, because Gustavia was attempting to collect its own debt through the mortgage foreclosure, plaintiff cannot bring an FDCPA claim against Gustavia for its role in that foreclosure. See Henson v. Santander Consumer USA Inc., 137 S. Ct. 1718, 1724 (2017).

---

[1] The Court notes that Gustavia, as the plaintiff in the underlying mortgage foreclosure action, pleaded that it is a single-member limited liability company and that its sole member is domiciled in Florida. See Compl. at 2, Gustavia Home, LLC v. Rutty, 2018 WL 2198742 (No. 16-CV-2823) (E.D.N.Y. June 2, 2016). However, even assuming that the Court could cure *pro se* plaintiff's jurisdictional pleading deficiency in this case based on Gustavia's pleading in the related case, it could not do so for defendants SLF New York Holdings LLC and The Margolin & Weinreb Law Group, LLP, because they were not parties to the underlying foreclosure action and therefore their citizenship was not alleged in that complaint. Plaintiff has not alleged these defendants' citizenship despite multiple opportunities to do so.

As to Alan Weinreb[2] and the firm, Margolin & Weinreb, plaintiff alleges that their actions in "filing and maintaining the foreclosure action and opposing plaintiff's motion for relief which sought to dismiss the frivolous complaint constitute a false, deceptive, and/or misleading practice in attempt [*sic*] to collect a [d]ebt." Most of this statement is a bare legal conclusion, not a factual allegation. The only portion that is a factual allegation – "filing and maintaining the foreclosure action and opposing plaintiff's motion for relief" – does not state a claim. As the Court cautioned plaintiff in its order granting leave to amend, claims premised on the invalidity or unenforceability of Gustavia's note must fail because this Court has already concluded in another of plaintiff's related cases that Gustavia was entitled to foreclose on plaintiff's mortgage based on its valid note. See Gustavia Home, LLC v. Rutty, No. 16-CV-2823, 2018 WL 2198742, at *3 (E.D.N.Y. May 14, 2018). Plaintiff's FDCPA claim is therefore dismissed.

Plaintiff's other federal claim is under the Fair Credit Reporting Act against Gustavia and SLF New York Holdings. Plaintiff alleges that Gustavia is a furnisher of information under FCRA and that it "failed to adequately conduct an investigation with respect to the disputed information," "failed to conduct an investigation findings [*sic*] to the consumer reporting agencies after plaintiff filed a motion to dismiss the complaint," "failed to notify the credit reporting agency that the information provided by such person was incomplete or inaccurate," and "failed to file a motion to vacate the Referee's Deed and the subsequent Deed to SLF New

---

[2] "[T]he FDCPA's definition of 'debt collector' includes lawyers who regularly, through litigation, attempt to collect consumer debts." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 593 (2010). Plaintiff's second amended complaint does not state that either Alan Weinreb or Margolin & Weinreb regularly collect debts owed another, but because his claim fails for other reasons, the Court need not conclude whether his allegations that these defendants attempted to collect his debt due another on this occasion would be sufficient based on his *pro se* status.

York Holdings LLC and further vacate the order of reference and summary judgment which it obtained through false pretenses."

Subsection (a) of 15 U.S.C. § 1681s-2 prohibits a "furnisher" from knowingly reporting inaccurate information, failing to correct and update information, and failing to investigate a dispute raised directly to the furnisher by a consumer. At least some of plaintiff's claims, particularly his claim that Gustavia failed to "conduct an investigation . . . after plaintiff filed a motion to dismiss the complaint" and "failed to file a motion to vacate the Referee's Deed" could be construed to fall under this subsection. These claims must fail because § 1681s-2(a) does not provide a private cause of action; subsection (a)'s text plainly limits to enforcement exclusively to federal agencies and officials and to state officials. See 15 U.S.C. § 1681s-2; see also Longman v. Wachovia Bank, N.A., 702 F.3d 148, 151 (2d Cir. 2012).

Plaintiff's other allegations could be construed as claims under § 1681s-2(b), which sets out certain duties for furnishers if they receive a particular notice of dispute from a consumer reporting agency. Those duties include, among other things, "conduct[ing] an investigation with respect to the disputed information," "review[ing] all relevant information provided by the consumer reporting agency," and "report[ing] the results of the investigation to the consumer reporting agency." 15 U.S.C. § 1681s-2(b)(1).

To state a claim under § 1681s-2(b)(1), a plaintiff must allege facts tending to show that: (1) defendant is a "furnisher of information" within the meaning of the statute; (2) defendant received the notice of the consumer dispute from a consumer reporting agency (not from plaintiff himself), and that defendant acted in "willful or negligent noncompliance" with the statute. Markovskaya v. Am. Home Mortg. Servicing, Inc., 867 F. Supp. 2d 340, 343 (E.D.N.Y. 2012) (internal quotation marks and citation omitted).

4

Plaintiff has failed to state a FCRA claim against either Gustavia or SLF New York. First, plaintiff has not alleged that SLF New York provided information about plaintiff to a consumer reporting agency or in any other way acted as a furnisher of information. The complaint does not mention SLF New York taking any action at all except purchasing the deed (the only other reference to SLF New York vis-à-vis the FCRA claim is plaintiff's allegation that Gustavia violated FCRA by failing to file a motion to vacate the deed to it). Plaintiff therefore has failed to state a claim under the FCRA against SLF New York.

As to Gustavia, the complaint alleges that it "regularly and in the course of business, furnishes information to one or more consumer reporting agencies about their transactions or experiences with any consumer. But plaintiff does not plead any facts to show that Gustavia received notice of a dispute from a consumer reporting agency, as described in § 1681i(a)(2). Plaintiff's complaint does not allege that Gustavia received any kind of notice at all. Plaintiff therefore fails to state a FCRA claim against Gustavia as well.[3]

Since there is neither diversity nor federal question jurisdiction, the motions to dismiss [67] [72] [51] are granted and plaintiff's second amended complaint is dismissed for lack of subject matter jurisdiction. Krimko's motion to dismiss for failure to state a claim against him [69] [49] is denied as moot. The Clerk is directed to enter judgment dismissing the complaint. **SO ORDERED.**

                                                      U.S.D.J.

Dated: Brooklyn, New York
        October 16, 2018

---

[3] All of plaintiff's FCRA allegations, like his sparse FDCPA allegations, are premised on the invalidity or unenforceability of Gustavia's note. As the Court warned plaintiff in its July 23, 2018 order granting him leave to amend, the Court has already concluded that the note was valid and that Gustavia's foreclosure on plaintiff's mortgage and SLF New York's subsequent purchase of the deed to his property based on that note were also valid.

5